# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0309V

| | |
|---|---|
| SALLY CREEDON,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 18, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Lara A. Englund, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Sally Creedon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza vaccine received on December 2, 2019. Petition at 1. On August 9, 2024, I issued a decision finding Petitioner entitled to compensation and awarding damages to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 24.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $42,723.71 (representing $41,043.00 for fees and $1,680.71 in attorney's costs). Petitioner's Application for Attorneys' Fees, filed Feb. 3, 2025, ECF No. 51. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on February 5, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 52. The next day, Petitioner filed a reply, criticizing Respondent's hourly rate discussion and reiterating her previous fees request. ECF No. 53.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted. And tasks that can be completed by a paralegal or legal assistant have been billed at that lower rate, even when performed by an attorney. *E.g.,* ECF No. 51-1 at 4 (10/18/21); *see Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009).

I also note this case required additional briefing regarding entitlement and damages. *See* Petitioner's Brief on Entitlement and Damages ("Motion"), filed Apr. 14, 2023, ECF No. 33; Petitioner's Reply to Respondent's Response to Motion, filed July 27, 2023, ECF No. 38; Minute Entry, dated Aug. 9, 2024 (for August 9, 2024 expedited hearing). Petitioner's counsel expended approximately 8.9 hours drafting the entitlement and damages brief and 6.0 hours drafting the entitlement and damages reply brief, for a combined total of 14.9 hours. ECF No. 51-1 at 8-9. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 51-2. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 52. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$42,723.71 (representing $41,043.00 for fees and $1,680.71 in attorney's costs) to be paid through an ACH deposit to**

2

**Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.